758 S.E.2d 506

**In the Matter of Samuel Robert DROSE, Respondent.**

**Appellate Case No. 2014–001065.**

**No. 2014–001065.**

Supreme Court of South Carolina.

May 20, 2014.

## ORDER

By order dated May 19, 2014, the Court placed respondent on interim suspension pursuant to Rule 17 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). The Office of Disciplinary Counsel petitions the Court to appoint the Receiver, Peyre T. Lumpkin, pursuant to Rule 31, RLDE, to protect the interests of respondent's clients.

IT IS ORDERED that Mr. Lumpkin is hereby appointed to assume responsibility for respondent's client files, trust account(s), escrow account(s), operating account(s), and any other law office account(s) respondent may maintain. Mr. Lumpkin shall take action as required by Rule 31, RLDE, Rule 413,

SCACR, to protect the interests of respondent's clients. Mr. Lumpkin may make disbursements from respondent's trust account(s), escrow account(s), operating account(s), and any other law office account(s) respondent may maintain that are necessary to effectuate this appointment. Respondent shall promptly respond to Mr. Lumpkin's requests for information and/or documentation and shall fully cooperate with Mr. Lumpkin in all other respects.

Further, this Order, when served on any bank or other financial institution maintaining trust, escrow, operating, and/or any other law account(s) of respondent, shall serve as notice to the bank or other financial institution that Peyre T. Lumpkin has been duly appointed by this Court and that respondent is enjoined from making withdrawals or transfers from or writing any check or other instrument on any of the account(s).

Finally, this Order, when served on any office of the United States Postal Service, shall serve as notice that the Receiver, Peyre T. Lumpkin, Esquire, has been duly appointed by this Court and has the authority to receive respondent's mail and the authority to direct that respondent's mail be delivered to Mr. Lumpkin's office.

Mr. Lumpkin's appointment shall be for a period of no longer than nine months unless an extension of the period of appointment is requested.